UNITED STATES of America

v.

William JOHNSON.

Crim. No. 76–476.

United States District Court,
E. D. Louisiana.

Oct. 28, 1976.

Kathleen A. Walsh, Asst. U. S. Atty., New Orleans, La., for plaintiff..

John W. Reed, New Orleans, La., for defendant.

REASONS FOR JUDGMENT

R. BLAKE WEST, District Judge.

Before the Court was an attack on the constitutionality, under the Eighth Amendment, of the Federal rape statute. The defendant, William Johnson, is charged with a violation of 18 U.S.C. § 2031, which provides:

"Whoever, within the special maritime and territorial jurisdiction of the United States, commits rape shall suffer death, or imprisonment for any term of years or for life."

The defendant contends that the statute in question is unconstitutional because the provision for capital punishment is a *per se* violation of the Eighth Amendment, and, alternatively, that only the portion of the statute which permits the imposition of the death penalty is unconstitutional.

The Supreme Court, in *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), held that imposition of the death penalty is not a *per se* violation of the Eighth Amendment. However, it clearly is unconstitutional in the context of this statute."

█ This opinion is based upon the fact that the statute sets forth no guidelines for the trial judge to follow in determining whether or not the death penalty should be imposed. This lack of any requirement of consideration by the Court of mitigating or aggravating circumstances compels a finding that the federal statute does not conform to the type of statute approved in *Proffitt v. Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); and, accordingly, that portion of 18 U.S.C. § 2031 which leaves the imposition of the death penalty completely to the discretion of the trial court is unconstitutional.

█ However, the fact that part of an act is unconstitutional does not require that the entire act be held unconstitutional. Under the authority of *United States v. Jackson*, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), and *Champlin Refining Co. v. Corporation Commission*, 286 U.S. 210, 52 S.Ct. 559, 76 L.Ed. 1062 (1932), it is clear that the clause authorizing capital punishment is severable from the remainder of 18 U.S.C. § 2031, and, therefore, only

that portion of the statute which refers to capital punishment is constitutionally unsound. It was therefore the holding of the Court that, although 18 U.S.C. § 2031 is valid, that portion thereof providing for the death penalty should be considered effectively deleted from the statute.